ENTERED
05/11/2012

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CSL PROPERTY MANAGEMENT CO., | ) | CASE NO. 11-39052-H3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

### MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Joint Motion of Trustee and Interested Party Thyssenkrup Elevator Corporation to Dismiss Bankruptcy, or in the Alternative, Motion for Relief from Automatic Stay" (Docket No. 15). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned Chapter 7 case. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

CSL Property Management Co. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 26, 2011. Randy W. Williams is the Chapter 7 Trustee.

Debtor is a corporation. Debtor's schedules indicate that Debtor has no real property, and no personal property. (Docket No. 10).

Debtor's schedules indicate no secured creditors. Debtor's schedules indicate one unsecured creditor, ThyssenKrupp Elevator Corporation ("TK").[1] TK obtained a judgment against Debtor in state court prior to the petition date in the above captioned case. (Debtor's Exhibit 1). Debtor appealed the state court judgment, and obtained a supersedeas bond. (Trustee's Exhibit 4).

In the instant motion, the Chapter 7 Trustee and TK seek dismissal for cause, on grounds the filing of the Chapter 7 petition served no legitimate purpose.

Debtor contends that the case should be closed rather than dismissed.

## Conclusions of Law

Section 707(a) of the Bankruptcy Code provides for dismissal of a Chapter 7 case, "only for cause." 11 U.S.C. § 707(a).

In <u>In re Lots by Murphy</u>, 430 B.R. 431 (Bankr. S.D. Tex. 2010), the court held that a corporation with no assets should not file a Chapter 7 petition because neither of the "twin pillars" of bankruptcy (discharge and distribution of assets) could be achieved.

---

[1] Several other entities are listed on Schedule F, with the indication "Notice Only."

The instant case is not distinguishable from the <u>Lots by Murphy</u> case.  In that case, the corporate debtor had no assets, one creditor, and filed a Chapter 7 petition in order to delay state court litigation.  In the instant case, the corporate debtor has no assets, one creditor, and appears to have filed the Chapter 7 petition in order to delay state court litigation.  The court concludes that the instant case should be dismissed.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned Chapter 7 case.

Signed at Houston, Texas on May 11, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE